Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| RYAN RANER,<br><br>      Plaintiff/Counter-Defendant<br><br>v.<br><br>THE FUN PIMPS ENTERTAINMENT, LLC,<br><br>      Defendant/Counter-Plaintiff. | Civil Action No. 22-cv-5718BHS<br><br>STIPULATED PROTECTIVE ORDER<br><br><br>NOTE ON MOTION CALENDAR:<br>May 31, 2023 |

**1.  PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

**2.  CONFIDENTIAL MATERIAL**

CONFIDENTIAL material shall include the following information, documents, and tangible things produced or otherwise exchanged: Information, documents, and tangible things not

STIPULATED PROTECTIVE ORDER - 1
Civil Action No. 22-cv-5718BHS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

generally known to the public and the disclosure of which would contravene the producing party's obligation of confidentiality to a third party, may be privileged or otherwise protected from disclosure by state or federal statute or court order or which implicate business or privacy interests, such as internal business communications, confidential business communications with software developers and independent contractors, technical research and development, financial information, marketing research and development, and confidential commercial information and business practices (including information implicating privacy rights of third parties).

**3.      ATTORNEY'S EYES ONLY MATERIAL**

There may be information and material produced or otherwise exchanged, not designated as CONFIDENTIAL but for which a higher level of protection is required due to the risk that, if generally disclosed to the opposing Party, the Producing Party reasonably and in good faith believes that such disclosure will likely result in competitive or commercial injury to the Producing Party or would provide an unfair business advantage to the opposing Party. Such information may be designated as "ATTORNEYS EYES ONLY", and shall include the following types of information, documents, and tangible things produced or otherwise exchanged, *inter alia*:

(a) Non-public customer information;

(b) Non-public arrangements and agreements with business owners, developers, dealers, distributors, suppliers, vendors, independent contractors, and other service providers;

(c) Information regarding company payroll, compensation paid to business owners, employees, contractors, and other service providers;

(d) Information regarding current and past game development, game code, and game art assets;

(e) Marketing plans and techniques, current or future business plans, economic forecasts, and business strategies;

(f) Manufacturing, research, and product development information relating to Fun Pimps' games;

STIPULATED PROTECTIVE ORDER - 2
Civil Action No. 22-cv-5718BHS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

(g) Company financial data and ownership (including fund raising, capital investment, sales, profits, costs, taxes, and similar documents); and

(h) Trade secrets.

The above categories of documents and information are included for illustrative purposes. In the event of a challenge by a Party to the designation of ATTORNEYS EYES ONLY by the Producing Party, the Producing Party must demonstrate that the document in question satisfies the first sentence of this Section 3.

**4. SCOPE**

The protections conferred by this agreement cover not only confidential and highly confidential material (as defined above, including both CONFIDENTIAL and ATTORNEY'S EYES ONLY designated materials), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**5. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

5.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

STIPULATED PROTECTIVE ORDER - 3
Civil Action No. 22-cv-5718BHS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

5.2     **Disclosure of CONFIDENTIAL Information or Items**. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the designating party designates that a particular document or material produced as ATTORNEYS EYES ONLY and is so designated, in which case the designated material may not be disclosed to such persons in this paragraph;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that at least ten days before access is given, the consultant or expert is disclosed to the designating party by serving a curriculum vitae of the consultant or expert upon counsel for the designating party to allow the designating party the opportunity to object in writing to the proposed access. The parties agree to promptly confer in good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion with the court within fifteen days of the objection, or within such other time as the parties may agree, seeking a protective order against disclosure. No disclosure shall be provided to the proposed expert or consultant until all such objections are resolved by agreement or court order;

(d)     the court, court personnel, and court reporters and their staff;

(e)     independent litigation support services including court reporters, document database services, and copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the support service instructs the

STIPULATED PROTECTIVE ORDER - 4
Civil Action No. 22-cv-5718BHS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.3 <u>Disclosure of ATTORNEY'S EYES ONLY Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose ATTORNEY'S EYES ONLY material only to categories of individuals, entities, and personnel set forth in 5.2(a) and (c)-(e) above, specifically not including persons or personnel set forth in 5.2(b) or 5.2(f). Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose ATTORNEY'S EYES ONLY material to a person who, based on the face of the Highly Confidential document, as established through specific documentary or testimonial evidence or as agreed by a Producing Party, authored or previously received a copy of the document.

5.4 Nothing contained herein shall be construed to prejudice any Party's right to use any CONFIDENTIAL or ATTORNEY'S EYES ONLY material in taking testimony at any deposition or hearing provided that the CONFIDENTIAL or ATTORNEY'S EYES ONLY material is only disclosed to a person(s) who is: (i) eligible to have access to the CONFIDENTIAL or ATTORNEY'S EYES ONLY material by virtue of his or her employment with the designating party, (ii) identified in the CONFIDENTIAL or ATTORNEY'S EYES ONLY material as an author, addressee, or copy recipient of such information, or (iii) another person entitled hereunder to access to such CONFIDENTIAL or ATTORNEY'S EYES ONLY material. CONFIDENTIAL or ATTORNEY'S EYES ONLY material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court

5.5 <u>Filing Confidential Material</u>. Before filing CONFIDENTAL or ATTORNEY'S EYES ONLY material or discussing or referencing such material in court filings, the filing party

STIPULATED PROTECTIVE ORDER - 5
Civil Action No. 22-cv-5718BHS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A) to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

6. **DESIGNATING PROTECTED MATERIAL**

    6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

STIPULATED PROTECTIVE ORDER - 6
Civil Action No. 22-cv-5718BHS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, section 6.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material, and "ATTORNEYS EYES ONLY" (in either lower case or upper case letters) to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Software or Digital Material: materials in the form of software or digital material stored on an electronic device shall be designated confidential by placing either the applicable Confidentiality Designation or legend on the device itself, if possible, or by designated the specific material using the applicable confidentiality designation in accompanying correspondence, email or similar transmission.

(c)    Testimony given in deposition or in other pretrial proceedings: The Parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or non-party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as CONFIDENTIAL or ATTORNEY'S EYES ONLY.  If a party or non-party

STIPULATED PROTECTIVE ORDER - 7
Civil Action No. 22-cv-5718BHS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word CONFIDENTIAL or ATTORNEYS EYES ONLY. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. If a Party challenges a designation of confidentiality, the designating party must respond as soon as reasonably practicable but in no event less than five (5) court days from receipt of the challenge.

7.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other

STIPULATED PROTECTIVE ORDER - 8
Civil Action No. 22-cv-5718BHS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or ATTORNEYS EYES ONLY, that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

STIPULATED PROTECTIVE ORDER - 9
Civil Action No. 22-cv-5718BHS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

(b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11. **NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

12. **THIRD PARTIES**

To the extent any discovery is taken of persons who are not parties to this action ("Third Parties"), and in the event that such Third Parties reasonably believe that the discovery sought involves Confidential material, the Third Parties may produce and designate the Confidential

STIPULATED PROTECTIVE ORDER - 10
Civil Action No. 22-cv-5718BHS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

material in accordance with this order, and in such case all applicable provisions of this order shall apply to the Third Party designated material to the same extent as if it had been designated and produced by a party.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

*s/ Venkat Balasubramani,* WSBA No. 28269
   venkat@focallaw.com
FOCAL<sup>PLLC</sup>
Ashley J. McDonald, WSBA #58237
   ashley@focallaw.com
900 1st Avenue S., Suite 201
Seattle, Washington 98134
T: 206.529.4827

**Attorneys for Plaintiff**

*s/ David A. Lowe*, WSBA No. 24453
   Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300

J. Pat Heptig (*pro hac vice* admission)
   PHeptig@HeptigLaw.com
HEPTIG LAW GROUP, LTD.
4140 Deep Valley Drive
Dallas, TX 75244
T: 214.856.0714

**Attorneys for Defendant**

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated this 1st day of June, 2023.

_____
BENJAMIN H. SETTLE
United States District Judge

STIPULATED PROTECTIVE ORDER - 11
Civil Action No. 22-cv-5718BHS

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Ryan Raner v. The Fun Pimps Entertainment, LLC*, Case No. 22-cv-5718BHS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 12
Civil Action No. 22-cv-5718BHS

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301