UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN RANER,<br><br>                Plaintiff,<br><br>   v.<br><br>THE FUN PIMPS ENTERTAINMENT LLC,<br><br>                Defendant. | CASE NO. C22-5718 BHS<br><br>ORDER |

      THIS MATTER is before the Court on Plaintiff Ryan Raner's motion for leave to amend his complaint for a second time, Dkt. 28. Raner was formerly employed by Defendant The Fun Pimps (TFP), a video game company. He contends that TFP and its principal, Joel Huenink, promised to share revenue or profits from a game he developed called "7 Days to Die." Dkt. 1 at 1. He sued in September 2022, asserting a breach of contract claim and a claim for declaratory relief, and seeking an accounting.

      In November 2022, TFP moved to dismiss, asking the Court to consider a crucial document—an email—that it asserted Raner's complaint "omitted" and, based on that email, TFP argued that Raner's claims were time-barred. Dkt. 10. In response, Raner

ORDER - 1

amended his complaint as a matter of right. Dkt. 14. TFP answered that complaint and asserted breach of contract, declaratory judgment, and accounting counterclaims. Dkt. 19.

Raner now seeks to amend his complaint a second time to add two claims (a breach of fiduciary duty claim and an alternative wage claim), and to join two additional parties (TFP owners Joel and Richard Huenink). He argues that amendment is timely under the Court's amended scheduling order, Dkt. 26, and that leave to amend should be freely given. Dkt. 28. TFP opposes the motion, arguing that amendment would be futile because the new claims are refuted by the allegations in the first two versions of Raner's complaint and are time-barred. Dkt. 30. In support of this defense, it again asks the Court to consider evidence—13 exhibits, including emails, tax returns, and other tax documents—not within the pleadings. Dkt. 30 at 5. It filed ten of these exhibits under seal. Dkts. 36–45.

Leave to amend a complaint under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052.

Futility of amendment can, by itself, justify the denial of a motion for leave to amend. *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020). A proposed amended pleading is futile if it would be immediately "subject to dismissal." Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also* 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) (same).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

When considering a motion to dismiss, the Court may consider material which is properly submitted as part of the complaint without converting the motion into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court may also "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation marks omitted). The Court may take judicial notice of matters

in the public record without converting a motion to dismiss into a motion for summary judgment if the facts noticed are not subject to reasonable dispute. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

The evidence upon which TFP's opposition relies is not incorporated by reference into Raner's proposed second amended complaint. It is not clear that Raner's claim depends on TFP's proffered evidence, although TFP's limitations period affirmative defense plainly does: it argues that Raner's claims are time barred, based on the "hard evidence" it has submitted. Dkt. 30 at 15 (citing *Reising v. Paulsen*, No. 46124-9-I, 2001 WL 76244 at *1 (Wash. App. Jan. 29, 2001) (affirming summary judgment on limitations period)).

Nor are the emails and tax documents upon which TFP relies the sort of public records of which this Court typically takes judicial notice in considering a Rule 12(b)(6) motion to dismiss. Such a motion attacks the plaintiff's allegations, not his evidence. In considering a motion to amend, the Court will not take judicial notice of evidence that is properly submitted only on summary judgment. The Rule 15 issue is whether Raner's claims could survive a motion to dismiss, not whether he can survive summary judgment. Raner's claims are facially plausible, even if TFP is correct that he cannot ultimately prove them.

Raner's motion to amend, Dkt. 28, is **GRANTED** and Raner shall file a clean version of the proposed second amended complaint attached to his motion within 10 days. Any factual deficiencies in his claims may be addressed on summary judgment.

1 **IT IS SO ORDERED**.

2 Dated this 20th day of July, 2023.

BENJAMIN H. SETTLE
United States District Judge