UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN RANER,<br><br>        Plaintiff,<br><br>    v.<br><br>THE FUN PIMPS ENTERTAINMENT LLC,<br><br>        Defendant. | Case No. 3:22-cv-05718-TMC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DE-DESIGNATE DOCUMENTS DESIGNATED AS ATTORNEY'S EYES ONLY |

Before the Court is Plaintiff/Counterclaim Defendant Ryan Raner's motion to de-designate documents designated as attorney's eyes only. Dkt. 62. Raner asks the Court to order Defendant/Counterclaim Plaintiff The Fun Pimps Entertainment, LLC to de-designate documents it designated as "Attorney's Eyes Only" under the Court's Stipulated Protective Order and re-designate them as "Confidential." For the reasons stated below, the Court GRANTS the motion to de-designate (Dkt. 62).

                **I.    BACKGROUND**

This case concerns a dispute between Raner and The Fun Pimps Entertainment, LLC ("TFP") over Raner's involvement in developing the video game "7 Days to Die." Dkts. 53, 74. On June 1, 2023, the Court entered a stipulated protective order, which allows the parties to

designate certain information or materials produced through discovery as "Confidential" or "Attorney's Eyes Only" ("AEO"). Dkt. 49 at 1–3. "Confidential" materials are "not generally known to the public," and their disclosure "would contravene the producing party's obligation of confidentiality to a third party, may be privileged or otherwise protected from disclosure by state or federal statute or court order or which implicate business or privacy interests . . . ." *Id.* at 1–2. Information designated as "Confidential" may not be disclosed to third parties. *See id.* at 4–5. AEO materials have a:

> higher level of protection . . . due to the risk that, if generally disclosed to the opposing Party, the Producing Party reasonably and in good faith believes that such disclosure will likely result in competitive or commercial injury to the Producing Party or would provide an unfair business advantage to the opposing Party.

*Id.* at 2. Information designated as AEO cannot be disclosed to the opposing party. *Id.* at 4. During discovery, TFP designated certain documents it produced as AEO under the stipulated protective order. Dkt. 64 ¶¶ 4, 6. On August 10, 2023, Raner filed the instant motion asking the Court to order TFP to remove the AEO designations and re-designate the documents as "Confidential" so that he can "review the documents and assist his counsel in this litigation." Dkt. 62 at 1–2. The Court granted the parties' motion to seal the exhibits in support of Raner's motion that had been designated AEO, Dkt. 81, and the Court has reviewed the sealed materials.

## II. DISCUSSION

### A. Legal Standards

"[W]here a party challenges the designation of documents under a stipulated protective order, the party seeking to maintain confidentiality 'has the burden of establishing that there is good cause to continue the protection of the discovery material'" under Federal Rule of Civil Procedure 26(c)(1). *In re AIS GmbH Aachen Innovative Sols.*, No. 5:16-mc-80094-EJD, 2021 WL 616502, at *2 (N.D. Cal. Feb. 16, 2021) (quoting *In re Roman Catholic Archbishop of*

*Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011)). To show good cause, the party opposing de-designation must establish that "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are not enough. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

Moreover, "[w]here trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims." *Nutratech, Inc. v. Syntech Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007) (citing *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). Trial courts have "broad discretion" in making good cause determinations. *Bromgard v. Montana*, No. CV–05–32–BLG–RFC–CSO, 2007 WL 2710379, at *6 (D. Mont. Sept. 13, 2007) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Moreover, as recognized by another court within this District, because "AEO designations can make litigation very onerous," they should be used "sparingly and only where absolutely necessary." *See Defreitas v. Tillinghast*, No. 2:12-CV-00235-JLR, 2013 WL 209277, at *11 n.1 (W.D. Wash. Jan. 17, 2013).

**B.    TFP Has Not Shown that De-Designation will Cause it Particularized Harm**

TFP argues its AEO designations are necessary because Raner is a "competitor" or a "competitive decision maker" and the documents at issue would provide him with "a 'veritable roadmap' to jumpstart a competing video game." Dkt. 67 at 7, 9 (first quoting *Brown Bag Software*, 960 F.2d at 1470; then quoting *UCC Ueshima Coffee v. Tully's Coffee Corp.*, No. C06-1604RSL, 2007 WL 710092, at *5 (W.D. Wash. Mar. 6, 2007)). TFP contends the Court should

regard Raner as a competitor because he is a "an independent freelance game developer whose only experience and expertise is to develop games that directly compete with TFP" and "[n]othing prevents [him] from joining a video game company next month or a year from now—after he has access to TFP's AEO information." *Id.* at 7–8.

Raner argues that he "does not work for a competitor of TFP, nor does he have immediate plans to do so." Dkt. 62 at 5 (citing Dkt. 63 ¶ 3). Moreover, he asserts that "[e]ven if [he] were to later join a competitor of TFP, he would abide by the Stipulated Protective Order, and he understands that it prohibits him from disclosing documents or the contents of the documents that are designated as 'Confidential' to any future employer, as well as others." *Id.* (citing Dkt. 63 ¶ 4).

TFP has not shown good cause to maintain its AEO designations. As stated, TFP must show that "specific prejudice or harm *will* result" from de-designation. *Phillips*, 307 F.3d at 1210–11 (emphasis added). Its argument that Raner is a competitor simply because he previously worked as a video game developer is too tenuous to meet this standard. *Cf.* DeFreitas, 2013 WL 209277, at *4 (finding good cause to designate documents as AEO because the party opposing the designation worked for a "direct competitor" of the movant); *Nutratech*, 242 F.R.D. at 555 (rejecting a party's assertion that they were not a competitor, in part, because, at the time of the court's decision, they were selling the same product as the opposing party). While the contested documents concern financial information (such as tax, profit, revenue, and payroll records), TFP characterizes Raner's work for it as having "provided certain artwork services" (Dkt. 67 at 2)—no one contends that he works or will work on the financial aspects of running a game studio or that he engages in competitive decision-making on how to bring a game to market. The contested documents do not contain intellectual property of the type consistent with Raner's experience as a game developer. In addition, all parties agree that the contested documents will remain

ORDER GRANTING PLAINTIFF'S MOTION TO DE-DESIGNATE DOCUMENTS DESIGNATED AS ATTORNEY'S EYES ONLY - 4

"Confidential" under the protective order. These designations will prevent Raner from disclosing the documents to third parties, further protecting against potential harm that might result from disclosure to the public or actual competitors. The hypothetical possibility that Raner will in the future work as a developer for a TFP competitor, violate the protective order, and funnel the information to the financial arm of his future employer is too speculative to show that specific prejudice or harm will result from removing the AEO designation.

In contrast, TFP acknowledges that the crux of this case is a dispute about "what sales revenue and expenses are included in the 'net profits' calculation" that formed the basis for Raner's compensation. Dkt. 67 at 2–3. Raner characterizes this instead as a "five percent revenue share based on sales." Dkt. 62 at 2. The financial information contained in the contested documents goes to the heart of this dispute, and preventing Raner from reviewing the information and discussing it with counsel or expert witnesses would unnecessarily impair the prosecution of his case. *See Nutratech, Inc.*, 242 F.R.D. at 555.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Raner's motion to de-designate documents designated as attorney's eyes only (Dkt. 62) and ORDERS that the documents Bates labeled as TFP00088 through TFP00915 be de-designated as "Attorney's Eyes Only" and re-designated as "Confidential." The Court DENIES the motion to strike made in TFP's sur-reply.

If future discovery disputes arise in this case, the parties are directed to file a joint 3-page summary of the dispute and then contact the courtroom deputy to request a telephone conference prior to filing a motion. *See* Fed. R. Civ. P. 16(b)(3)(v).

Dated this 4th day of October, 2023.

_____
Tiffany M. Cartwright
United States District Court Judge