Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| RYAN RANER,<br><br>    Plaintiff / Counterclaim Defendant,<br><br>        v.<br><br>THE FUN PIMPS ENTERTAINMENT, LLC;<br>RICHARD HUENINK, JR.; and JOEL<br>HUENINK,<br><br>    Defendants / Counterclaim Plaintiff. | Civil Action No. 22-cv-5718TMC<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO SEAL UNREDACTED<br>VERSION OF DECLARATION |

The Court, having considered Defendants' motion to seal the unredacted version of the Declaration of Richard Huenink, which contains sensitive financial information considered confidential to all parties in this case, concludes as follows.

The Local Civil Rules provide that where a party wishes "to file a confidential document it obtained from another party in discovery," the party filing the motion to seal such documents need not satisfy the requirements of LCR 5(g)(3)(B). See LCR 5(g)(3). Rather, it is the party who designated the document confidential who must, in its response to the motion to seal, satisfy LCR 5(g)(3)(B), which requires:

(B) A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:

i.    the legitimate private or public interests that warrant the relief sought;

ii.   the injury that will result if the relief sought is not granted; and

iii.  why a less restrictive alternative to the relief sought is not sufficient.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Here, both parties agree that the information to be filed under seal is confidential and deserves protection from disclosure to the public. There is a legitimate private interest in maintaining party sensitive financial information, which includes party compensation, confidential and not disclosed to the public, *inter alia* because it constitutes competitive industry trade secret information related to product development. Public disclosure of such information will result in a competitive disadvantage. The financial information sought to be filed under seal has been designated "Confidential" under the Stipulated Protective Order governing this case. (Dkt. 49) Defendants have minimized what is filed under seal through redaction, and there is no less restrictive alternative to prevent public disclosure. See LCR 5(g)(3)(B). Finally, Plaintiff has indicated that he does not oppose sealing the Declaration including the sensitive financial information.

The public disclosure of this type of highly confidential and sensitive information would result in severe and irreparable harm to the parties, and therefore the Court finds "compelling reasons" to justify keeping the requested materials under seal. Accordingly, the Court finds that Defendants have satisfied their burden under LCR 5(g)(3)(B), and GRANTS the motion to seal.

IT IS SO ORDERED.

DATED this 5th day of February, 2024.

_____
Tiffany M. Cartwright
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO SEAL -
2
Civil Action No. 22-cv-5718TMC
FUNP-6-0001P049 ORD MOTSeal.docxT                                    206.381.3300 • F: 206.381.3301

Presented by:

s/ David A. Lowe, WSBA No. 24453
   Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300

J. Pat Heptig (admitted *pro hac vice*)
   PHeptig@HeptigLaw.com
HEPTIG LAW GROUP, LTD.
4140 Deep Valley Dr.
Dallas, TX 75244
T: 214.856.0714

Attorneys for Defendants

ORDER GRANTING DEFENDANTS' MOTION TO SEAL -
3
Civil Action No. 22-cv-5718TMC