UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN RANER,<br><br>          Plaintiff,<br><br>v.<br><br>THE FUN PIMPS ENTERTAINMENT LLC;<br><br>RICHARD HUENINK; JOEL HUENINK<br><br>          Defendants. | Case No. 3:22-cv-05718-TMC<br><br>ORDER GRANTING MOTIONS TO SEAL (DKT. 119, 169) |

## I.    INTRODUCTION

Before the Court are two motions: one to seal exhibits filed in support of Plaintiff Ryan Raner's motion for partial summary judgment (Dkt. 119) and one to seal exhibits filed in support of Defendants' second motion for summary judgment (Dkt. 169). Neither motion is opposed, and both concern business information produced in discovery by Defendants. Because Defendants have presented compelling reasons for sealing the material, the Court GRANTS both motions.

## II.    BACKGROUND

This case concerns a dispute between Raner and Defendants The Fun Pimps Entertainment, LLC, Richard Huenink, and Joel Huenink (collectively, "Defendants" or "The Fun Pimps") over Raner's compensation for his involvement in developing the video game "7

Days to Die." *See* Dkts. 53, 87. In support of his pending motion for partial summary judgment, Raner seeks to file the following materials under seal:

- Excerpts from The Fun Pimps' Supplemental Rule 26(a)(1) Initial Disclosures (Dkt. 121);

- Excerpts from The Fun Pimps' Second Supplemental Responses to Plaintiff's First Set of Interrogatories Nos. 1–7 (Dkt. 122); and

- Documents produced by The Fun Pimps in response to Raner's discovery requests (Dkt. 123).

These documents contain financial information from The Fun Pimps designated as "Confidential" under the stipulated protective order entered in this case (Dkt. 49). The financial information consists of compensation paid to Raner; disputed calculations of the compensation he was owed; The Fun Pimps' net profits calculations, including information about the company's expenses and revenue; compensation paid to the company's senior development contractors; and expert analysis regarding the same. *See* Dkt. 135 at 2; Dkt. 136 at 2–4.

In support of Defendants' pending second motion for summary judgment, they seek to file the following materials under seal:

- An unredacted version of their motion (Dkt. 170);

- Exhibit A to the Declaration of Richard Huenink (Dkt. 171); and

- Exhibits A–B and D–E to the Declaration of J. Pat Heptig (Dkt. 172).

These documents also contain financial information Defendants' designated as "Confidential" or "Attorney's Eyes Only" under the stipulated protective order. That information consists of The Fun Pimps' calculation of their net profits, revenue related to the company's game sales and third-party contracts, an agreement between the company and an independent

contractor, portions of email exchanges discussing the game's technical development, and expert testimony regarding the company's financial information. *See* Dkt. 169 at 3–4.

### III.   DISCUSSION

**A.   Legal Standard**

The Western District of Washington Local Civil Rules provide that where a party wishes "to file a confidential document it obtained from another party in discovery," the party filing the motion to seal such documents need not satisfy the requirements of LCR 5(g)(3)(B). Rather, it is the party who designated the document confidential who must, in its response to the motion to seal, satisfy LCR 5(g)(3)(B). The Local Civil Rules provide that where a party wishes to file a confidential document of its own production under seal, the party filing the motion to seal needs to satisfy the requirements of same local rule. LCR 5(g)(3)(B) requires:

> (B) A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> i. the legitimate private or public interests that warrant the relief sought;
>
> ii. the injury that will result if the relief sought is not granted; and
>
> iii. why a less restrictive alternative to the relief sought is not sufficient.

"When deciding a motion to seal, courts 'start with a strong presumption in favor of access to court records.'" *Burrows v. 3M Co.*, No. C19-1649-RSL, 2023 WL 1345429 at *1 (W.D. Wash. Jan. 31, 2023) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "This presumption, however, 'is not absolute and can be overridden given sufficiently compelling reasons for doing so.'" *Id.* (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). When the records sought to be sealed relate to a dispositive motion, the request must satisfy a "compelling reasons" standard, meaning the party moving to seal "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring

disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citations omitted).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Courts have acknowledged that the risk of competitive harm through disclosure of confidential and proprietary information may warrant maintaining documents under seal, even considering the presumption of public access to judicial documents. *Nixon*, 435 U.S. at 598 (the court may ensure its records are not used "as sources of business information that might harm a litigant's competitive standing"); *Valley Broadcasting Co. v. U.S. District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986) (noting considerations that weigh against disclosure include "the likelihood of an improper use, including . . . trade secret materials"); *Cent. Freight Lines, Inc. v. Amazon Fulfillment Servs.*, No. C17-0814-JLR, 2019 WL 5103311, at *2 (W.D. Wash. Oct. 11, 2019) (finding where information filed under seal "relates to confidential business details relating to [a business's] internal processes and procedures, and disclosure of that material could result in improper use by business competitors," compelling reasons to maintain the seal existed).

**B.     Defendants have articulated compelling reasons to seal the documents.**

As explained above, the documents Defendants seek to seal contain information concerning the revenue, expenses, and profits of their company's flagship product; the compensation paid to their game developers; contracts with third parties; discussion of their product's technical development; and expert analysis of the company's revenues, expenses, and

ORDER GRANTING MOTIONS TO SEAL (DKT. 119, 169) - 4

profit calculations. Defendants have submitted a declaration from Richard Huenink attesting that the company has maintained the confidentiality of this information and takes reasonable steps to protect it from disclosure. Dkt. 136 at 1–2. Mr. Huenink also attests that disclosure of this information would place The Fun Pimps at a competitive disadvantage in its dealings with other game developers, distributors, and contractors. *See id.* at 5–6.

The Court finds that Defendants have articulated specific, compelling reasons to maintain these materials under seal. Defendants have explained the private interests at stake and the risk of injury if the information is made public. Moreover, the information contained in Defendants' documents is like other categories of sensitive business information for which sealing has been approved. *See, e.g.*, *Houserman v. Comtech TeleCommunications Corp.*, No. 2:19-cv-00644-RAJ, 2021 WL 54766, at *3 (W.D. Wash. Jan. 6, 2021) ("The Court agrees that . . . compensation structures may be sealed to avoid harm from competitors."); *Zuccaro v. MobileAccess Networks, Inc.*, No. C11-272 MJP, 2012 WL 261342, at *5 (W.D. Wash. Jan. 30, 2012) (granting motion to seal "consolidated financial statements, spreadsheets containing base salaries, targets, and expected bonus and commission compensation, and email communications . . . regarding various business and employment decisions").

## IV.   CONCLUSION

For the reasons explained above, the Court GRANTS the motions to seal at Dkt. 119 and 169. The materials filed at Dkt. 121, 122, 123, 170, 171, and 172 may be kept under seal.

Dated this 11th day of March, 2024.

Tiffany M. Cartwright
United States District Judge